**Ze Qun WANG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73066, A75–016–903.

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 2004.*

Decided May 11, 2004.

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, District Director, Hagatna, GU, Janice K. Redfern, Washington, DC, for Respondent.

Before FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Ze Qun Wang's asylum appeal fails, because he has not shown "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir.2003) (citations omitted).

Wang is entitled to the presumption of credibility on review, because the BIA did not explicitly make an adverse ruling as required by this Circuit. *Shoafera v. INS*, 228 F.3d 1070, 1074 n.3 (9th Cir.2000) ("[T]he law of this circuit does not permit implicit adverse credibility determinations.") (citations omitted); *Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir.1994) ("Absent an explicit finding that a specific statement by the petitioner is not credible we are required to accept her testimony as true.") (citation omitted).

Even accepting Wang's testimony as true, Wang has not demonstrated a well-founded fear of persecution stemming from his participation in painting anti-gov-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ernment graffiti. No threats have been made to Wang, and he has suffered no physical harm or imprisonment. *See Singh v. INS*, 134 F.3d 962, 969 (9th Cir. 1998) (explaining that we are not likely to find persecution in the absence of physical harm, specific threats of serious harm, or imprisonment).

Moreover, the fact that the Wang obtained a valid passport and left China to work in Saipan with the Chinese government's permission undermines Wang's claim of persecution. *See Khourassany v. INS*, 208 F.3d 1096, 1101 (9th Cir.2000) (finding no persecution when Petitioner retained his passport and was able to travel freely within and without the country).

PETITION DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.